## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

JAMALL BALENTINE                                                                                    PLAINTIFF

V.                                              No. 3:21-CV-00265-JTR

AUDREY HUDDLESTON                                                                          DEFENDANT

### ORDER

Plaintiff Jamall Balentine ("Balentine") has filed a Motion for Appointment of Counsel (*Doc. 12*) and Defendant has filed a Motion to Substitute Counsel (*Doc. 20*).

**1.  Plaintiff's Motion for Appointment of Counsel**

Balentine initiated this § 1983 action as a *pro se* prisoner. *Doc. 1*. A *pro se* litigant does *not* have a statutory or constitutional right to have counsel appointed in a civil case. *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018); *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006). However, the Court may, in its discretion, appoint counsel for a *pro se* prisoner if he has stated a non-frivolous claim, and "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson*, 902 F.3d at 850 (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). In making this determination, the Court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the

existence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Id.*; *Phillips*, 437 F.3d at 794.

Balentine alleges an inadequate medical care claim against Defendant Audrey Huddleston ("Huddleston"), a nurse at the Jackson County Detention Center ("JCDC"). According to Balentine, she refused to give him his prescribed medication and did not schedule him for a requested doctor's visit. *Doc. 1*.

Balentine's claims are not legally or factually complex. Furthermore, it appears from the record that Balentine is capable of presenting his claims without the benefit of appointed counsel. For example, he complied with the Court's Order to keep his mailing address up to date by twice filing Notices of address changes. *Docs. 5 & 8*. He also properly filed a Motion for Leave to Proceed *In Forma Pauperis* (*Doc 1*), and made allegations in his Complaint that were sufficient to state a claim for relief against Huddleston. *Doc. 2*.

Thus, after carefully weighing the pertinent factors, the Court concludes that they do not support the appointment of counsel. Accordingly, Balentine's Motion for Appointment of Counsel (*Doc. 12*) is DENIED.

**2. Defendant's Motion to Substitute Counsel**

Attorney Kaylen S. Lewis ("Ms. Lewis") of the Jason Owens Law Firm, P.A., is attorney of record for Huddleston. On November 1, 2022, attorney Michael A. Mosley ("Mr. Mosley") filed a Motion for Substitution of Counsel stating that:

"Effective November 1, 2022, [Ms.] Lewis assumed other duties outside this law firm and responsibility for this case was transferred inside the law firm to Michael A. Mosley." *Doc. 20*. Thus, Mr. Mosley has entered an appearance on behalf of Huddleston. *Id.*

Accordingly, the Motion to Substitute Counsel (*Doc. 20*) is GRANTED. Going forward, Mr. Mosley shall be attorney of record for Huddleston, and Ms. Lewis shall be terminated.

IT IS SO ORDERED this 14th day of November, 2022.

_____
UNITED STATES MAGISTRATE JUDGE